UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DERRICK GRANTLEY,

    Plaintiff,

v.                                     Case No. 3:17cv35-MCR-CJK

E. L. SAM, et al.,

    Defendants.
_____/

ORDER and
REPORT AND RECOMMENDATION

    This prisoner civil rights case is before the court on defendants Sam, Enfinger (formerly Craft) and Nichols' motion to dismiss under 28 U.S.C. § 1915(e)(2)(B)(i) and (g). (Doc. 37).[1] Plaintiff opposes the motion. (Doc. 39). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(C). After careful consideration, the undersigned concludes that the motion to dismiss should be denied, but that one unserved defendant (defendant S.I. Yun) should be dismissed due to his death.

BACKGROUND AND PROCEDURAL HISTORY

    Plaintiff is an inmate of the Florida Department of Corrections (FDC) currently confined at Florida State Prison. Plaintiff sues four prison officials at Santa

---

[1] Defendants' counsel states that defendant Craft's last name is now Enfinger. (Doc. 37, p. 1 n.1).

Rosa Correctional Institution – E.L. Sam, S.I. Yun, M. Nichols and A. Enfinger – claiming they were deliberately indifferent to his serious medical and mental health needs in violation of the Eighth Amendment. (Doc. 12). Plaintiff's second amended complaint was filed on May 19, 2017. (*Id*., p. 1). On July 10, 2017, the court directed service of the complaint. (Doc. 14). Defendants Sam, Enfinger and Nichols appeared and now move to dismiss this case as malicious under 28 U.S.C. § 1915(e)(2)(B)(i), and because plaintiff is subject to the three-strikes provision of § 1915(g). (Doc. 37). Attempts to serve defendant Yun were unsuccessful. (*See* Docs. 16, 18, 20, 25, 29). A notice of Yun's death was filed and served on December 4, 2017. (Doc. 35).

## CLAIMS AGAINST SAM, ENFINGER AND NICHOLS

Defendants Sam, Enfinger and Nichols move to dismiss this case as malicious due to plaintiff's lack of candor in reporting his litigation history. Defendants contend that although plaintiff disclosed that he filed a prior lawsuit against them in this court on October 29, 2015, which was dismissed on February 1, 2016, plaintiff failed to disclose the case number and was not completely truthful about the nature of the action or the reason for dismissal. The case at issue is *Grantley v. Sam*, Case No. 3:15cv493/MCR/EMT. Defendants contend that instead of disclosing that this prior case dealt with the same facts and claims involved in this action, plaintiff

denied any such cases and characterized Case No. 3:15cv493/MCR/EMT as merely a case concerning the conditions of his confinement.  (*See* Doc. 12, pp. 3, 8).  In addition, instead of disclosing that Case No. 3:15cv493/MCR/EMT was dismissed as malicious for plaintiff's failure to truthfully report his litigation history, plaintiff described the nature of dismissal as: "Plaintiff accidentally failed to list previous suits filed years ago."  (Doc. 12, p. 8).  Defendants argue that plaintiff was essentially trying to hide the existence of Case No. 3:15cv493/MCR/EMT.  (Doc. 37, pp. 2-3).  Plaintiff responds that he disclosed Case No. 3:15cv493/MCR/EMT, as well as his appeal in that case, Appeal No. 16-10778-C.  (Doc. 39, p. 3; *see also* Doc. 1, p. 7 (original complaint)).

      The undersigned finds that the particular disclosure plaintiff made here – identifying the case title, the district court, the presiding magistrate judge's name, the date of filing, the date of dismissal, and the appellate case number – was detailed enough to make the case easy to verify.  Further, plaintiff's description of the reason for dismissal, though grounded in self-justification and not fact, made it apparent to the undersigned that the case was dismissed for his failure to accurately disclose his litigation history.  All in all, the undersigned deems plaintiff's disclosure sufficient to avoid dismissal of this case as malicious.  Plaintiff is warned, however, that other judicial officers faced with similar defects may not find in his favor.  Complete

candor is important, even to plaintiff, given the number of strikes he has accumulated.

Defendants' alternative basis for dismissal is that plaintiff is a three-striker. Defendants count as strikes the following cases: (1) Northern District Case No. 3:15cv493/MCR/EMT, a civil action dismissed as malicious; (2) Eleventh Circuit Appeal No. 16-10778-C, an appeal dismissed as frivolous; and (3) Southern District Case No. 1:15cv22724-JAL, *Grantley v. Jones, et al.*, in which one claim was dismissed for failure to state a claim. (Doc. 37, pp. 3-4; *see also* Doc. 36, Attach.). Plaintiff responds that the Southern District case is not a strike, because the entire suit was not dismissed and some claims remain pending. (Doc. 39).

Review of the Southern District case, Case No. 1:15cv22724-JAL, reveals that plaintiff sued ten defendants on claims of excessive force, failure to intervene, and medical deliberate indifference. (*See* Doc. 36, Attach. 3). One claim – an excessive force claim against "John Doe jail officer" – was dismissed because plaintiff failed to provide adequate information to identify the defendant. (*Id.*). The remaining claims against the other nine defendants got past the pleading stage to summary judgment, (*id.*), and a few of those claims are going to trial. *See Grantley v. Jones, et al.*, Case No. 1:15cv22724-JAL, Docs. 130, 131.

Title 28 U.S.C. § 1915(g) provides:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The plain language of § 1915(g) requires that in order to count as a strike, the "action" must be dismissed, not merely a claim within the action. 28 U.S.C. § 1915(g); *see also Action*, BLACK'S LAW DICTIONARY (10th ed. 2014) (defining "action" as "[a] civil or criminal judicial proceeding"); Fed. R. Civ. P. 2 (noting that "[t]here is one form of action – the civil action"); Fed. R. Civ. P. 3 (stating that a civil "action" begins with the filing of a complaint); Fed. R. Civ. P. 54(b) (recognizing that an "action" may contain "more than one claim" so that "any order . . . that adjudicates fewer than all the claims . . . does not end the action as to any of the claims"); *see also, e.g., Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999) (interpreting § 1915(g) as applying when "a prisoner has had three or more *cases* dismissed for one of the[ ] three reasons" (emphasis added)); *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir.2002) ("After the third meritless *suit*, the prisoner must pay the full filing fee at the time he initiates suit." (emphasis added) (citation omitted)).

Defendants' position that the dismissal of a claim within a lawsuit counts as a strike is not only inconsistent with the plain language of the statute, it is contrary to the weight of authority from those Circuits that have directly addressed the issue.[2] *See Brown v. Megg*, 857 F.3d 287 (5th Cir. 2017) (holding that prisoner's prior § 1983 action was not dismissed in its entirety on the ground that it was frivolous, malicious, or failed to state a claim, and thus did not count as strike under § 1915(g); although the action was partially dismissed for failure to state a claim, some of the prisoner's claims got past the pleading stage to summary judgment); *Thomas v. Parker*, 672 F.3d 1182, 1183 (10th Cir. 2012) ("Because the statute refers to dismissals of 'actions,' as opposed to 'claims,' it is well established that a partial dismissal based on one of the grounds enumerated in § 1915(g) is generally not a proper basis for assessing a strike."); *Tolbert v. Stevenson*, 635 F.3d 646, 651-52 (4th Cir. 2011) ("[W]e conclude that 'action' in § 1915(g) unambiguously means an entire case or suit.  Therefore, § 1915(g) requires that a prisoner's entire 'action or appeal' be dismissed on enumerated grounds in order to count as a strike."); *Turley v. Gaetz*, 625 F.3d 1005, 1008-09, 1012 (7th Cir. 2010) (examining the use of "action" and "claim" in the Federal Rules of Civil Procedure; concluding that each term has a well-defined meaning in the pleading context; and holding that "the

---

[2] The Eleventh Circuit has not directly addressed the issue.

obvious reading of [§ 1915(g)] is that a strike is incurred for an action dismissed in its entirety on one or more of the three enumerated grounds."); *Thompson v. Drug Enforcement Admin.*, 492 F.3d 428, 432 (D.C. Cir. 2007) (holding that in order to count as a "strike," all claims must fall into at least one of the three-strike categories; "Section 1915(g) speaks of the dismissal of 'actions and appeals,' not 'claims.'").

Thus, although the Eleventh Circuit has not addressed this precise issue, the undersigned concludes that the better reasoned view, consistent with the view of other Circuits, is that the partial dismissal in Southern District Case No. 1:15cv22724-JAL, is not a strike under § 1915(g). Plaintiff did not have three strikes under § 1915(g) at the time he initiated this lawsuit on January 11, 2017. Defendants' motion to dismiss should be denied.

## CLAIM AGAINST DEFENDANT YUN

On December 4, 2017, defendants' counsel filed and served a statement noting that defendant Yun passed away on November 2, 2017. (Doc. 35). Plaintiff did not file a motion for substitution of the proper party. As 90 days has passed since service of the death notice, defendant Yun should be dismissed from this action. *See* Fed. R. Civ. P. 25 (providing that if a motion for substitution is not made within 90 days after service of the death notice, the action against the decedent must be dismissed).

Accordingly, it is ORDERED:

The clerk shall change the docket to reflect that defendant Craft's last name is Enfinger.

And, it is respectfully RECOMMENDED:

1.  That defendants Sam, Enfinger and Nichols' motion to dismiss (doc. 37) be DENIED, and that these defendants be required to file an answer to plaintiff's second amended complaint within a time certain.

2.  That plaintiff's claims against defendant S.I. Yun be DISMISSED.

At Pensacola, Florida this 19th day of March, 2018.

*/s/* **Charles J. Kahn, Jr.**
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.